[4] The fences, stoops, and so much of the house front as are within the street line are mere encroachments for the existence of which the abutters are alone responsible and for the removal of which they are not entitled to compensation.  Matter of the Department of Parks, 53 Hun, 556, 6 N. Y. Supp. 779; Bridges v. Wyckoff, 67 N. Y. 130.

[5] The commissioners having had the advantage of a view of the premises, and having heard the advisory testimony of expert witnesses, and it not being shown that the commissioners have adopted an erroneous principle or proceeded upon an erroneous theory, the award should not be disturbed.

The motion to confirm the report of the commissioners is granted.

---

### QUATFASEL v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department.  May 24, 1912.)

1. STREET RAILROADS (§ 44*)—RAISING CABLES—INJURY TO CHILD ON SIDEWALK—NEGLIGENCE.

   To allow a cable of a street railroad, being raised on poles along the street, to sag to within 18 inches of the side, and then suddenly raise it by starting horses attached to it, catching it under the arms of a boy five years old, standing back to it on the sidewalk, throwing him off when it became taut, is negligence.

   [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 93–95; Dec. Dig. § 44.*]

2. NEGLIGENCE (§ 136*)—IDENTITY OF NEGLIGENT PARTY—EVIDENCE—NAME OF WAGON.

   That the wagon bringing tools and supplies for the work of raising a cable of a street railroad was marked with the initials or name of the railroad company is some evidence that it was doing the work, as regards the question of responsibility for negligence therein.

   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

Appeal from Trial Term, Queens County.

Action by Frederick Quatfasel, an infant, by Adolph Quatfasel, his guardian ad litem, against the New York & Queens County Railway Company.  From a judgment dismissing the complaint at the close of plaintiff's evidence, plaintiff appeals.  Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

George F. Hickey, of New York City (M. P. O'Connor, on the brief), for appellant.

G. B. Hanavan, of New York City (Bayard H. Ames and John Montgomery, on the brief), for respondent.

WOODWARD, J.  [1] The plaintiff, an infant of nearly five years of age at the time of the accident, was playing upon the sidewalk

opposite his father's store in Pierce avenue, Long Island City, on the 29th day of September, 1909. A party of men, alleged to be in the employ of the defendant, were engaged in placing wire cables upon certain poles along that thoroughfare. In doing this the cables would be lifted up to the supporting arms upon the poles; the loops falling nearly to the sidewalk. These loops were taken up and the cables made taut by means of a team of horses hitched to the end of the cable some distance away. The plaintiff was standing with his back to one of these sagging cables, which was about 18 inches above the sidewalk, when the team was suddenly started, and the child was caught under the arms and carried suddenly up a distance of about two stories, and, when the cable became straight, it operated like a bow string and threw him off, resulting in serious injuries. The case is so identical in its principles with Devine v. Brooklyn Heights R. R. Co., 1 App. Div. 237, 37 N. Y. Supp. 170, that we feel called upon to reverse the judgment now before us on the authority of that case.

[2] It is attempted to show here that there was no evidence to establish that the defendant was doing the work. It may be admitted that the evidence was not entirely satisfactory; but we are of the opinion that in the state of the pleadings, with the defendant's admissions, that evidence that a wagon bringing tools and supplies to this work was marked with the initials, or with the name of the defendant, and the other facts and circumstances surrounding the occurrence, was some evidence in support of the cause of action—was evidence which demanded the submission of the question to the jury, even though the court might owe the duty of setting aside a verdict based upon such evidence. This is a nonsuit, and the plaintiff is entitled to all the legitimate inferences from the evidence, and we are persuaded that a prima facie case was presented by the evidence and one which justified a submission to the jury unless, upon the presentation of defendant's case, there was some conclusive fact to overcome the testimony tending to connect the defendant with the accident.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.